IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVA M. S., | ) |
| | ) No. 21 C 1444 |
| Plaintiff, | ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Eva M. S. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On May 24, 2018, plaintiff applied for benefits, alleging a disability onset date of December 31, 2017. (R. 58-59, 77-78.) Her application was denied initially, on reconsideration, and after a hearing. (R. 15-27, 58-74, 77-93.) Plaintiff appealed to the Appeals Council, which declined review (R. 1-4), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "'[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. (R. 17.) At step two, the ALJ found that plaintiff has the severe impairments of "right ulnar neuropathy, osteoarthritis of the right hand, right carpal tunnel syndrome, inflammatory polyarthritis, major depressive disorder, anxiety disorder, and posttraumatic stress disorder." (*Id.*) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal a listed impairment. (R. 18.) At step four, the ALJ found that plaintiff is unable to perform her past relevant work but has the RFC to perform light work with certain

exceptions. (R. 21-25.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 25-26.)

Plaintiff argues that the ALJ's hypothetical to the vocational expert ("VE") did not adequately account for her moderate limitations in concentration, persistence, or pace ("CPP"). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(E)(3) (stating that "[CPP] refers to the abilities to focus attention on work activities and stay on task at a sustained rate"). In the hypothetical, the ALJ asked the VE to assume a person who, among other things, "is limited to performing simple, routine and repetitive tasks" and making "simple work-related decisions." (R. 53.) Plaintiff says the ALJ's question violates the teaching of *Yurt v. Colvin*, that a hypothetical "confining the claimant to simple, routine tasks . . . [does not] adequately capture[] temperamental deficiencies and limitations in concentration, persistence, and pace." 758 F.3d 850, 858-59 (7th Cir. 2014); *see Bruno v. Saul*, 817 F. App'x 238, 242 (7th Cir. 2020) ("[A] restriction to simple tasks is 'generally' not enough to account for moderate CPP limitations. . . . The concern is that the restriction is used as a one-size-fits-all solution without delving into an individualized assessment of the claimant's specific symptoms.").

Here, the ALJ did not use "simple" as a proxy for assessing plaintiff's symptoms. Rather, he said:

> With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. The claimant reported that she has difficulty concentrating, and there are some complaints of poor concentration in the medical record. However, during a mental status examination, it was noted that her thought process was free from preoccupations, hallucinations, delusions, confusion, and problems of with impulse control. She was also able to spell her name backwards, recall three out of three words after nine minutes, and subtract continuous sevens from 100. Furthermore, she reported that she is able to drive, grocery shop, cook, clean, watch TV, and take care of her dogs.

3

(R. 20) (citations omitted). Because the ALJ limited plaintiff to simple tasks and work-related decisions after evaluating the record evidence, and the hypothetical presented to the VE correctly mimicked the ALJ's RFC finding, the hypothetical was not improper. Moreover, the ALJ's RFC assessment was adequately explained and supported by the record. Therefore, neither the hypothetical presented nor the underlying RFC assessment is a basis for remand.

Plaintiff also argues that the ALJ improperly concluded that she would not be off task more than fifteen percent of a workday. This argument, however, is nothing more than a request that the Court reweigh the evidence (ECF 11-1 at 12), which we cannot do. *Gedatus*, 994 F.3d at 900. Accordingly, it is not a basis for remand.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment [11], grants the Acting Commissioner's motion for summary judgment [16], affirms the Acting Commissioner's decision, and terminates this case.

**SO ORDERED.**                                        **ENTERED:  July 21, 2022**

**M. David Weisman**
**United States Magistrate Judge**